UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

_____

| | |
|---|---|
| In Re:<br><br>**DALE W. GERRATT and BECKY A. GERRATT, dba GERRATT DAIRY,**<br><br>Debtors. | **Bankruptcy Case No. 09-41176-JDP** |

_____

| | |
|---|---|
| **J.D. HEISKELL HOLDINGS, L.L.C,**<br>            Plaintiff,<br><br>vs.<br>**DALE W. GERRATT, BECKY A. GERRATT, GERRATT DAIRY, LLC f/k/a, GERRATT DAIRY#2, LLC, and BANNER BANK,**<br><br>            Defendants. | **Adv. Proceeding No. 10-8051-JDP** |

_____

**MEMORANDUM OF DECISION**
_____

MEMORANDUM OF DECISION - 1

**Appearances:**

    Patrick R. Turner, HUCH BLACKWELL SANDERS, LLP, Omaha, Nebraska, Attorney for Plaintiff.

    Noah G. Hillen, MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, Boise, Idaho, Attorney for Intervenor-Defendant, Banner Bank.

## Introduction

Plaintiff J.D. Heiskell Holdings, LLC ("Heiskell"), and Defendant Banner Bank ("Banner") are both creditors of chapter 11[1] debtors Dale and Becky Gerratt ("Debtors"). Both Heiskell and Banner hold a perfected security interest in the proceeds of milk produced on Debtors' farm. In litigation over which creditors' security interest has priority, the Court granted Banner partial summary judgment, concluding that it has a first priority interest in the milk proceeds. Banner now seeks to recover its attorneys' fees and costs incurred in this action from Heiskell. Heiskell objects. Having considered the record, the parties' arguments and submissions, and applicable law, this Memorandum disposes of Banner's

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all rules references are to the Federal Rules of Bankruptcy Procedure.

MEMORANDUM OF DECISION - 2

request for an award of fees and costs.  Rules 7052, 9014.

## Facts[2] and Procedural Background

Banner and Heiskell both have a perfected security interest in Debtors' milk proceeds.  Banner perfected its security interest, which it received in connection with various financing transactions with Debtors, in 2004.  Continuation statements maintaining Banner's perfected status have been filed since.  Heiskell, on the other hand, did not receive its security interest from Debtors, nor perfect that interest, until 2009.

Prior to granting Heiskell a security interest, Debtors established an Idaho limited liability company ("LLC) to operate the dairy.  Over time, dairy assets, including Debtors' milk and milk proceeds, were transferred to the LLC.[3]  In July 2009, however, the LLC assigned all of the assets back to Debtors.

---

[2] The facts underlying this action were recited on the record by the Court on December 14, 2010.  The facts relevant to this motion are set forth herein.

[3] Heiskell perfected a security interest in collateral of both Debtors and the LLC.

MEMORANDUM OF DECISION - 3

After Debtors filed their chapter 11 bankruptcy petition, in May 2010, Heiskell commenced an adversary proceeding against Debtors, alleging the July 2009, transfer of assets from the LLC to Debtors was fraudulent. Banner intervened to defend the status and priority of its security interest in June 2010, and filed a counterclaim against Heiskell, seeking determination that its interest in the collateral has priority.

In November 2010, Banner moved for summary judgment on its counterclaim. Dkt. No. 49. After a December 1, 2010, hearing, this Court issued an oral decision, found that Banner had first priority in Debtors' milk proceeds, and granted summary judgment as to that issue in Banner's favor on December 14, 2010. An order granting the summary judgment motion was entered December 15. Dkt. No. 98.[4] Banner filed a motion for an award of attorneys' fees and costs on December 28, 2010. Dkt. No. 104. Heiskell objected to the motion on January 21, 2011. Dkt. No. 127. A hearing on Banner's motion was held on April 19, 2011. Minute Entry,

---

[4] Heiskell appealed this order, Dkt. No. 99, but the appeal has since been dismissed, District of Idaho Case No. 1:11-cv-00017-BLW Dkt. Nos. 10, 11.

MEMORANDUM OF DECISION - 4

Dkt. No. 137.

**Discussion**

**I.      Attorneys' Fees.**

Litigation attorneys' fees may generally not be recovered unless authorized by contract or statute. *See Jackson Lumber, Inc. v. Heath* (*In re Heath*), __ I.B.C.R. __, Adv. No. 09-8077-JDP (Bankr. D. Idaho 2011) (citing *Bertola v. N. Wis. Produce Co.* (*In re Bertola*), 317 B.R. 95, 99 (9th Cir. BAP 2004)). Banner argues recovery of its attorneys' fees is authorized by Idaho statute.

A federal court may look to state law to determine the propriety of an award of attorneys' fees if state law governs disposition of the underlying substantive issues. *JB Constr., Inc. v. King* (*In re King*), 09.1 I.B.C.R. 32, 32 (Bankr. D. Idaho 2009) (citing *Ford v. Baroff* (*In re Baroff*), 105 F.3d 439, 441 (9th Cir. 1997)). Here, the substantive issues dealt with the relative priority of the parties' security interests, and the Court's resolution of those issues was controlled by Idaho's version of the Uniform

MEMORANDUM OF DECISION - 5

Commercial Code. Resort to Idaho statutes to determine Banner's entitlement to attorneys' fees is, therefore, appropriate.

According to Banner, Idaho Code § 12-120(3) provides the basis for a fee award. That statute provides:

> In any civil action to recover . . . in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.
>
> The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes.

Case law has cabined the seemingly broad statutory definition of "commercial transaction." In particular, Idaho courts have decided that an Idaho Code § 12-120(3) commercial transaction must be based on a commercial relationship between adversary parties before attorneys' fees may be awarded. *BECO Const. Co., Inc. v. J-U-B Engineers, Inc.*, 184 P.3d 844, 851 (Idaho 2008); *Great Plains Equip., Inc. v. Nw. Pipeline Corp.*, 36 P.3d 218, 223 (Idaho 2001).

MEMORANDUM OF DECISION - 6

Banner asserts the relationship between Banner and Heiskell was sufficient to warrant attorneys' fees because other decisions awarding attorneys' fees, specifically *Walker v. American Cyanamid Co.*, 948 P.2d 1123 (Idaho 1997), have not required a direct transaction between adversary parties. *Walker*, however, is distinguishable from the facts of this case.

Walker, a potato farmer, purchased herbicide, which had been manufactured by American Cyanamid Co. ("Cyanamid"), from a retail supplier. *See Walker*, 948 P.2d at 1129. When the herbicide damaged his potato crop, Walker sought, and was awarded, damages from the manufacturer based on a breach of express warranty theory. *Id.* at 1130–33. While there was no "direct" transaction between Walker and Cyanamid, inasmuch as Walker obtained the herbicide from a retailer, Idaho courts decided there was a commercial transaction and relationship between the two for purposes of the attorney fee statute. Indeed, the *Walker* trial court recognized the "case involved a continuing relationship between two large commercial enterprises," and the Idaho Supreme Court

MEMORANDUM OF DECISION - 7

analyzed the express warranty as a "contract." 948 P.2d at 1126, 1129–30. Even though a retailer made the actual sale to Walker, a Cyanamid employee had represented to Walker that the herbicide was safe for use on potatoes. *Id.* at 1125. Because such facts indicate a commercial transaction and relationship between the parties, albeit not a "direct" transaction, the *Walker* court sustained an award of fees for Walker against Cyanamid under Idaho Code § 12-120(3).

Banner also relies on *Krommenhoek v. A-Mark Precious Metals, Inc.* (*In re Bybee*), 945 F.2d 309 (9th Cir. 1991), asserting that, because Heiskell's fraudulent transfer claims against Debtors could have been prosecuted in state court, Banner is "entitled" to attorneys' fees. Banner's Reply at 5–6, Dkt. No. 130.[5] Banner reads *Bybee* too broadly. While attorneys' fees were

---

[5] Banner seems to argue that *Bybee* authorized attorneys' fees entirely on the basis that a fraudulent transfer action could have been brought in state court. *See* Banner's Reply at 5–6, Dkt. No. 130. Banner's logic in analyzing *Bybee*'s significance omits any recognition of a commercial transaction requirement. *See id.* From Banner's reply brief:

> Also similar to the [*Bybee*] case, prior to the instant
>
> (continued...)

MEMORANDUM OF DECISION - 8

awarded in that case, it was because there was a commercial transaction between the parties, not because the fraudulent transfer dispute could have been brought in an Idaho state court. *See In re Bybee*, 945 F.2d at 316 ("In [a state court] action, Idaho Code § 12-120(3) would have permitted A-Mark, as prevailing party in a civil action on a *commercial transaction*, to recover its reasonable fees." (*emphasis added*)).  Just because Heiskell could have sued to avoid the alleged fraudulent conveyances in state court, Idaho Code § 12-120(3) does not authorize attorneys' fees absent a commercial transaction between Banner and Heiskell.

---

     [5](...continued)
bankruptcy, Heiskell could have asserted the instant fraudulent transfer action in an Idaho state court. Banner Bank could have also intervened in such action to defend its rights.  A state court would have also found, that under Idaho law, Heiskell was not entitled to recover the Debtors' milk proceeds thereby priming Banner Bank's security interest.  As the prevailing party, Banner Bank would be entitled to an award of attorney fees pursuant to Idaho Code § 12-120(3).  Therefore, Banner Bank is also entitled to an award of reasonable attorney fees for prevailing in the instant action.

MEMORANDUM OF DECISION - 9

Here, Banner and Heiskell never transacted any type of business, and never had a relationship with each other, until the adversary proceeding. That Debtors did business with both Banner and Heiskell is insufficient to establish the existence of the type of commercial transaction warranting attorneys' fees under Idaho Code § 12-120(3).

Banner is not entitled to recover attorneys' fees from Heiskell.

## II.  Costs.

Banner also seeks an award of costs from Heiskell. Per Rule 7054(b), the Court may allow costs to the prevailing party in an adversary proceeding. However, recoverable costs are limited by federal statutes and the Bankruptcy Rules. *See* Rule 7054(b). At the April 19, 2011, hearing on Banner's motion, Heiskell conceded Banner was the prevailing party in the underlying adversary proceeding. While Banner has requested $3,900.54 in costs,[6] Heiskell objected to some of those costs, and the Court

---

[6] Initially, Banner requested $6,653.82 in costs, but reduced its request at the April 19, 2011, hearing.

must determine whether the disputed cost items and amounts are appropriate. *See Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996); *Aflex Corp. v. Underwriters Labs., Inc.*, 914, F.2d 175, 177 (9th Cir. 1990).

First, Heiskell objected to Banner's request for court reporters' fees for deposition transcripts. Local Bankruptcy Rule 7054.1(c)(3), in regards to deposition costs, provides that "[t]he prevailing party who noticed the deposition may recover the reasonable expenses incurred for reporter fees." Thus, Banner, as the prevailing party, may only recover reporter fees for those depositions that it scheduled and noticed. Banner requests reporters' fees for six depositions, but only noticed two. *See* Dkt. Nos. 43; 93; 107, Ex. A. Accordingly, $1,476.68 in reporters' fees for the Banner-noticed depositions of Aaron Reid and Michael Isham, are allowed. *See* Dkt. No. 107, Ex. A. The $945.36 requested for the other four depositions' reporters' fees are not allowed. *See* Dkt. Nos. 63; 84; 107, Ex. A.

Second, Heiskell objected to costs identified as "[c]opies of papers necessarily obtained for use in the case." *See* Dkt. No. 107, Ex. B. The

MEMORANDUM OF DECISION - 11

Judicial Code allows a prevailing party to tax the "costs of making copies of any materials where the copies are *necessarily obtained for use in the case*." 28 U.S.C. § 1920(4) (emphasis added). Documents need not be introduced into the record for copies to be an allowable cost, though the copies must be "necessarily obtained" for use in a case. *See Disc Golf Ass'n, Inc. v. Champion Discs, Inc.*, 158 F.3d 1002, 1010 (9th Cir. 1998); *Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990). The burden of demonstrating requested copies were necessarily obtained for use in a case is the prevailing party's. *See In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1149 (10th Cir. 2009); *Helms v. Wal-Mart Stores, Inc.*, 808 F.Supp. 1568, 1570 (N.D. Ga. 1992). A broad, conclusory assertion that documents were necessary, without verification, is insufficient to satisfy that burden. *Goluba v. Brunswick Corp.*, 139 F.R.D. 652, 656 (E.D. Wis. 1991) (citing *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404 (7th Cir. 1991)).

MEMORANDUM OF DECISION - 12

Here, Banner attempts to tax Heiskell for costs it incurred "in preparation for document production."  Dkt. No. 107, Ex. B.  Banner selected its preferred vendor, and made a copy of Banner's files and folders, presumably anticipating a request of documents from Heiskell.  *Compare* Dkt. No. 32, *with* Dkt. No. 107, Ex. B (some documents were copied before Heiskell even served notice of its first set of discovery requests on Banner).  In support of its request for costs, Banner submitted an affidavit stating:  "[The costs] were necessarily incurred in the prosecution and defense of the claims and defenses asserted in the Heiskell Adversary Proceeding and were actually and necessarily performed."  Affidavit at 4-5, Dkt. No. 106.  That broad, conclusory statement, however, is insufficient to demonstrate to this Court that Banner's copying of all files and folders in "preparation" for document production which had not been formally requested was "necessary" for use in its case.  Banner will therefore not be awarded the costs of copying

MEMORANDUM OF DECISION - 13

its files.

## Conclusion

There is no legal basis for awarding Banner attorneys' fees in this action. In addition, some of Banner's requested costs are not allowed by federal statutes or the Bankruptcy Rules. The $1,476.68 of requested costs attributed to allowed deposition reporters' fees are appropriate, and will be granted. A separate order will be entered.

Dated: May 9, 2011

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge